# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

ROBERT B. EVANS and
JULIE ANNA EVANS,

        Plaintiffs,

vs.

SCOTT PAUL HOFFMAN and
SUPERIOR, LTD., a Wisconsin
corporation,

        Defendants.

No. C03-1038

**ORDER**

_____

This matter comes before the court pursuant to Defendants Superior, Ltd., and Scott Paul Hoffman's May 26, 2005 motion to amend/correct answer (docket number 36). For the reasons set forth below, the defendants' motion is granted.

The defendants move to amend their December 23, 2003 answer (docket number 5) to include the following affirmative defense:

> [t]hat plaintiff Robert B. Evans was negligent in failure to mitigate his damages.

In support of the defendants' motion to amend their answer, the defendants contend that (1) the "affirmative defense of negligent failure to mitigate was discovered in reviewing medical records [that the plaintiffs] failed to provide, from doctors [that the plaintiffs] failed to disclose, notwithstanding interrogatories and requests for production [made by the defendants] directly addressed to such issue"; (2) it is in the interests of justice to allow the defendants to raise this defense and amend their answer to include such defense; and (3) "[p]ermitting [the defendants] to raise this defense at this time is due substantially to

1

[the plaintiffs'] non-disclosure and therefore is not prejudicial to [the plaintiffs] to be permitted at this time." The defendants further contend that any delay in bringing this motion should be excused because the plaintiffs' "failure to provide discovery was not known all at one time, but such non[-]disclosure and false information-significant information-was gathered over time." The alleged late discovered non-disclosures include the following:

> (1) [The plaintiffs'] failure to produce Medical Associates Clinic, PC, records though requested in Requests for Production, records which reflect [Plaintiff Robert Evans] acknowledging to such provider low back pain in the year prior to this mishap.

> (2) [The plaintiffs'] failure to disclose a consultation with Dr. Mendoza . . . who examined [Plaintiff Robert Evans] for accident injuries and told him . . . not to have surgery . . . and a failure to produce any records regarding the same though both disclosures of the identity and provision of records were requested to be disclosed.

> (3) [The plaintiffs'] failure to disclose multiple [Department of Transportation] DOT physician contacts for DOT exams post-accident and to provide records for same, most of which report the back problem by way of history but minimize it insofar as being an impediment to employment (i.e. they passed [Plaintiff Robert Evans] for truck driving.

The defendants further assert that "[s]ubstantial evidence supporting [Plaintiff Robert Evans'] failure to mitigate has derived from the medical records and testimony of [Plaintiff Robert Evans'] treating physician . . . [and the plaintiffs] are fully aware of such evidence and appear to have delayed and withheld disclosure to [the defendants] as long as they could." Accordingly, the defendants argue that the court should not be persuaded by the plaintiffs' argument that they are now prejudiced by the defendants' delay in amending the answer. Finally, the defendants note that they had prepared a motion for leave to amend to include the affirmative defense of failure to mitigate on behalf of Plaintiff Robert Evans

on February 13, 2005, but that because of "some unknown glitch in counsel's office procedures, [the motion] was apparently never electronically filed." According to the defendants, this failure was only recently discovered.

The plaintiffs resist, arguing that (1) the defendants have not indicated "what the information was that led them to just recently 'discover' the need for their affirmative defense"; (2) the defendants, as early as October 24, 2004, were alleging a failure to disclose but did not move to amend their answer at that time or at anytime until now; (3) during the course of the defendants' deposition of Plaintiff Robert Evans, the defendants "repeatedly questioned Mr. Evans about the purported non-disclosure of certain medical records," and showed Mr. Evans medical records and questioned him about why he did now disclose the records; (4) "there is no justification as to why the [d]efendants waited another seven months [after deposing Plaintiff Robert Evans] to file their motion to amend their answer to include a failure to mitigate defense"; and (5) granting the defendants' motion to amend would prejudice the plaintiffs because the plaintiffs will either be unable to conduct discovery on the issue, or discovery will have to be reopened and the trial date continued. The plaintiffs further argue that the defendants' contention, specifically that the plaintiffs failed to disclose medical records and like evidence, is without any evidentiary support. The defendants, according to the plaintiffs, have failed to indicate "[w]hat that 'lately' discovered information is, when it was 'discovered' and how it suggests that [Plaintiff Robert Evans has] failed to mitigate [his] damages." Finally, the plaintiffs argue that "[a]t this late date, and given the indisputable prejudice to [the plaintiffs] that would arise upon the granting of [the defendants'] motion, it [is] incumbent upon [the defendants] to justify their motion upon clear evidence of lately discovered facts which they could not have discovered sooner showing that [the plaintiff] failed to mitigate his damages."

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). However, in the absence of a good reason for the denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, denial of leave to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

The defendants' motion for leave to amend the answer to include the affirmative defense of failure to mitigate is granted. The court finds that although the trial date in this matter is currently set for August 1, 2005, the plaintiffs will not be prejudiced by allowing the defendants to amend the answer because the evidence that the defendants are relying upon in support of that defense is and has always been in control of the plaintiffs.[1]

Upon the foregoing,

IT IS ORDERED that the defendants' motion to amend (docket number 37) is granted. The clerk shall file the defendants' amended answer.

June 21, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] The plaintiffs have not identified what additional discovery they would do as a result of this amendment. The court will consider a motion to re-open discovery on this limited issue if the plaintiffs identify specific discovery they want to conduct.