IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ROBERT B. EVANS and<br>JULIE ANNA EVANS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SCOTT PAUL HOFFMAN and<br>SUPERIOR, LTD., a Wisconsin<br>corporation,<br><br>    Defendants. | No. C03-1038<br><br>**ORDER** |

This matter comes before the court pursuant to Plaintiff Robert B. Evans' July 18, 2005 motions in limine (docket numbers 46, 47, and 48) and Defendant Scott Paul Hoffman and Superior, LTD.'s July 18, 2005 motion in limine (docket number 49). For the reasons set forth below, the plaintiff's motion in limine to exclude evidence of the plaintiff's intended destination at the time of the accident (docket number 46) is sustained,[1] the plaintiff's motion in limine regarding the fact that the plaintiff's attorney is not from the state of Iowa (docket number 48) is sustained, and the plaintiff's motion in limine to exclude evidence concerning the plaintiff's medical history regarding areas of his body not

---

[1] The court notes that the plaintiff's motion in limine concerning the plaintiff's intended destination at the time of the accident was sustained only after the plaintiff represented to opposing counsel and the court, during the telephonic pre-trial conference, that Plaintiff Julie Ann Evans would dismiss her loss of consortium claim.

1

at issue in this case (docket number 47) is sustained in part and denied in part as set forth below. The defendant's motion in limine (docket number 49) is sustained.[2]

## Motion in Limine Regarding the Plaintiff's Past Medical History

The plaintiff moves to exclude from trial evidence relating to the plaintiff's past medical history, including information concerning treatment for (1) blurry eye/blurry vision; (2) high cholesterol; (3) heart disease; (4) shoulder problem and shoulder surgery; (5) tooth extraction; (6) liver enzymes; (7) high blood pressure; (8) finger injury; (9) a right ear bleeding incident; and (10) Hepatitis. During the telephonic final pre-trial conference, the defendants also indicated an intent to present evidence that the plaintiff had allegedly reported to a health care professional approximately seven months prior to the accident at issue in this case that he had been experiencing lower back pain, "hurt all over," and had been uncomfortable for months.

The plaintiff argues that any of the above information should be excluded from trial because the information is irrelevant and represents collateral matters which do not form a proper basis upon which to impeach the plaintiff. Specifically, the plaintiff raises concern that the defendants will use the plaintiff's deposition testimony concerning these matters to impeach the plaintiff. For example, according to the defendants, the plaintiff's deposition testimony that he had not experienced low back pain prior to the accident is in direct contradiction to the plaintiff's statements to a health care professional approximately seven months prior to the accident that he had been in pain and uncomfortable for a period of months. The defendants readily admit that they intend to introduce such matters for the purpose of impeaching the plaintiff and attacking his credibility at trial. The defendants further argue that these matters "are relevant to [the plaintiff's] general health and projection of [the plaintiff's] future medical condition and capacity to earn but for injuries

---

[2] During the July 21, 2005 telephonic pre-trial conference, the plaintiff indicated that the plaintiff would not be resisting the defendant's motion in limine to exclude any reference to liability insurance.

allegedly sustained in this accident." The defendants further argue that disallowing information concerning those relevant portions of the plaintiff's past medical history would work an unfair prejudice on the defendants at trial, as it is unfair to allow the plaintiff to suggest to the jury "that there has never been anything else physically wrong with the plaintiff," and that the defendants are responsible for "all of [the plaintiff's] medical problems and consequential loss of earning capacity including those conditions that [the plaintiff admits in his motion in limine] were not caused by the accident." At the final pretrial conference, the defendants identified those portions of the plaintiff's past medical history that the defendants feel is relevant and properly put in front of the jury. Those portions include (1) high blood pressure; (2) high cholesterol; (3) the statements allegedly made by the plaintiff approximately seven months prior to the accident concerning complaints of low back pain and being uncomfortable for a period of months; (4) shoulder injury that was treated by an orthopedic surgeon; and (5) Hepatitis.

The court finds that portions of the plaintiff's past medical history are directly relevant to the plaintiff's claims in this matter. Specifically, the court finds that the statements allegedly made by the plaintiff concerning lower back pain, "hurting all over," and being uncomfortable for months are directly relevant to this case as the plaintiff is claiming that he suffered injury to his lower back, and that he has leg problems, as a result of the accident. Likewise, information concerning shoulder problems for which the plaintiff was treated by an orthopedic surgeon is directly relevant to this case as the plaintiff is claiming that he suffered injury to his neck as a result of the accident. Information concerning the plaintiff's high blood pressure, high cholesterol, heart disease, and Hepatitis/liver enzymes are relevant to the overall status of the plaintiff's health and his projected mortality rate.[3] The ultimate determination of the plaintiff's life expectancy

---

[3] See, e.g., Newman v. Blom, 89 N.W.2d 349, 357 (Iowa 1958) ("[T]he probative value of the mortality tables may be weakened and even, perhaps in some cases, destroyed
(continued…)

and the corresponding award of damages is left to the sole discretion of the jury. See Schmitt v. Clayton County, 284 N.W.2d 186, 190 (Iowa 1979). Evidence concerning the plaintiff's past medical history concerning a blurry eye, blurry vision, tooth extraction, finger injury, and a right ear bleeding incident are irrelevant.

Upon the foregoing,

IT IS ORDERED that the plaintiff's motion in limine to exclude evidence of the plaintiff's intended destination (docket number 46) is sustained as set forth in the body of this Order, the plaintiff's motion in limine regarding the plaintiff's attorney not being an Iowa resident (docket number 48) is sustained, and the plaintiff's motion in limine concerning the plaintiff's past medical history (docket number 47) is sustained in part and denied in part as set forth in the body of this Order. The defendant's motion in limine (docket number 49) is sustained.

July 22, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[3](…continued)
by evidence of ill health or disease of the person whose life expectancy is in issue.") (internal citations omitted); Ehlinger v. State, 237 N.W.2d 784, 790 (Iowa 1976) ("a shortened life expectancy may also be considered when determining future pain, suffering, nursing and medical expense."). Plaintiff has cited to no cases indicating that expert testimony is required to rebut the mortality tables and the court has found none. The tables themselves introduce significant speculation and conjecture as to a person's actual life expectancy.

4