**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

ROBERT B. EVANS,

        Plaintiff,

vs.

SCOTT PAUL HOFFMAN and
SUPERIOR, LTD., a Wisconsin
corporation,

        Defendants.

No. C03-1038

**ORDER**

---

This matter comes before the court pursuant to the defendant's August 1, 2005, objection to the plaintiff's proposal to introduce a written accident report during trial. The defendant seeks an order precluding the admission of any written accident reports pertaining to the February 27, 2003, automobile accident that is the basis of the plaintiff's suit. The defendant's objection is overruled in part and sustained in part.

Any "driver of a vehicle involved in an accident resulting in injury to or death of any person, or total property damage to an apparent extent of one thousand dollars or more," and any law enforcement officer "who, in the regular course of duty, investigates" such an accident, must file a written "accident report with the Iowa Department of Transportation." Iowa Code § 321.266 (2005); Shannon v. Hansen, 469 N.W.2d 412, 415 (Iowa 1991). "The report filed by the driver is confidential while the report filed by a law enforcement officer is available to any party to the accident and to certain others." Shannon, 469 N.W.2d at 415 (citing Iowa Code § 321.271); Grocers Wholesale Coop., Inc. v. Nussberger Trucking Co., 192 N.W.2d 753, 756 (Iowa 1971). The Iowa Supreme Court has held that drivers' reports are inadmissible for any purpose, including impeachment purposes. Sprague v. Brodus, 60 N.W.2d 850, 855 (Iowa 1953).

Prior to 1967, both the report filed by the driver and the report filed by a law enforcement officer were confidential and held inadmissible as evidence under Iowa Code § 321.271. Id.; Grocers, 192 N.W.2d at 756. However, section 321.271 was amended in 1967 to differentiate reports made by drivers and reports made by law enforcement officers. Grocers, 192 N.W.2d at 756. Section 321.271 contains three paragraphs: the first paragraph pertains to drivers' reports and "makes those written reports inadmissible"; the second paragraph pertains to law enforcement officers' reports and makes no mention of inadmissibility or confidentiality; the third paragraph states that information pertaining to "date, time, specific locations, and immediate facts and circumstances surrounding" the accident are not subject to paragraph 1's confidentiality requirements. § 321.271; Grocers, 192 N.W.2d at 756; Shannon, 469 N.W.2d at 415. The Iowa Supreme Court has held that "[t]he obvious intent of the 1967 amendment . . . was to remove confidentiality of the officer's report and the information and statements provided to the officer in securing vehicle accident information." Shannon, 469 N.W.2d at 415. Thus, the confidentiality requirements set forth in section 321.271 do not pertain to "the reports of investigating officers," nor do the requirements pertain to "statements made by drivers to investigating officers to enable the officers to make their reports." Grocers, 192 N.W.2d at 756.

Upon the foregoing,

IT IS ORDERED that the defendant's August 1, 2005, objection to the admission of written accident reports is overruled in regards to reports filed by law enforcement officers and sustained in regards to reports filed by the drivers involved in the February 27, 2003, accident.

August 2, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT